**07 CV 1025**

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BERNADETTE McNAMARA,

        Plaintiff,

- against -

CIGNA LIFE INSURANCE COMPANY OF NEW YORK,

        Defendant.

---

07 CV

**JUDGE ROBINSON**

**ECF CASE**

**COMPLAINT**

Plaintiff, Bernadette McNamara, by and through her attorneys, FRANKEL & NEWFIELD, P.C., as and for her Complaint against Defendant CIGNA LIFE ASSURANCE COMPANY OF NEW YORK ("CIGNA"), hereby sets forth the following:

### THE PARTIES

1.  At all times hereinafter mentioned, Plaintiff Bernadette McNamara, was and still is a resident of the State of New York.

2.  Upon information and belief, at all times hereinafter mentioned, Defendant CIGNA is a New York Corporation, with its principal place of business at 140 East 45th Street, New York, New York 10017 and is licensed to conduct business in the State of New York. Defendant CIGNA is therefore a citizen of the State of New York, pursuant to 28 U.S.C. § 1332(c)(1).

### JURISDICTION AND VENUE

3.  Jurisdiction of the Court is based upon 29 U.S.C. §§ 1132(e)(1) and 1132(f), which give the District Courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan. Jurisdiction is also founded on 28 U.S.C. §1331

because this action arises under 29 U.S.C. §1001 et. seq. (Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

4. Venue in the Southern District of New York is appropriate because Defendant CIGNA resides in this judicial district, is subject to personal jurisdiction in this judicial district and maintains contacts in this judicial district sufficient to subject it to personal jurisdiction.

5. Pursuant to 28 U.S.C. §1391(a)(1) and §1391(c), this action is properly venued in the Southern District of New York.

6. At all relevant times hereinafter mentioned, Plaintiff was an employee of Omnicom Management, Inc. (Omnicom), or one of its subsidiaries, Lyons Lavey, Nickel Swift, Inc

7. During Plaintiff's employment with Omnicom, CIGNA issued Group Long Term Disability policy number LK 090558 to Omnicom (the "Policy").

8. At all times hereinafter mentioned, said disability policy of insurance was issued for the benefit of certain eligible Omnicom employees in exchange for the payment of premiums by Omnicom and/or the employees.

9. At all times mentioned herein, Plaintiff was an employee eligible for disability benefits and an insured under the Policy issued by CIGNA.

10. Said policy issued by CIGNA provided, among other things, that disability insurance payments will be made to Plaintiff in the event that he becomes disabled due to injury or sickness.

11. During the period within which said Policy was in full force and effect, and while Plaintiff was an eligible employee, Plaintiff became disabled within the meaning and pursuant to the terms of said Policy.

12. Plaintiff ceased work as of June 27, 2005.

13. Plaintiff has been deemed to be disabled by the Social Security Administration as of June 28, 2005. Such a finding was made that Plaintiff could not work in any job.

14. CIGNA was made aware, during the claim process, that Plaintiff was approved for Social Security Disability benefits for the same period, and for the same medical conditions as that presented to CIGNA.

15. At the appropriate time under the Policy, Plaintiff filed a claim for long term disability benefits with CIGNA.

16. At all relevant times, Plaintiff provided proof of loss to CIGNA demonstrating the inability to perform the duties of her occupation, as that term is defined in the policy.

17. At all times, Plaintiff complied with all of the contractual obligations contained in the Policy.

18. CIGNA denied Plaintiff's application for long term disability benefits.

19. Thereafter, Plaintiff filed an administrative Appeal for benefits pursuant to the terms of the plan and the proscriptions of ERISA.

20. CIGNA upheld its claim determination and issued a final denial of Plaintiff's claim on January 16, 2007.

21. As of this date, Plaintiff continues to be disabled in that she is unable to perform the essential duties of her occupation.

22. Plaintiff's occupation is Senior Vice President, Management Group Supervisor.

3

23. The material duties of Plaintiff's occupation included the broad categories of Client Relationship Management, Business Development and Management. Within these broad categories, her material duties included:

- Traveling to all client and agency meetings including scientific conventions, client staff meetings and tactical development meetings.
- Regular entertainment of clients for meals and other activities to promote and foster continued business.
- Negotiations of contracts.
- Senior level one on one interaction.
- Reading and comprehension of clinical trial results on products.
- Need to develop product analysis and tactical planning.
- Management of $ 5,000,000 budget.
- Management of 8 employees, training and development.
- Presentations and team leadership.
- Moderation of team meetings.

These material duties required Mrs. McNamara to possess significant physical, mental and cognitive abilities, including:

- High focus and energy.
- Ability to heavily concentrate for extended periods of time.
- Ability to be detail oriented.
- High level of endurance for long work days - weekdays and weekends.
- High degree of creativity; and

4

- Ability to react swiftly within the work settings.

24. Plaintiff's disability is caused by, among other things, suffering from Primary Biliary Cirrhosis, Fibromyalgia, and Systemic Lupus, and the limitations and restrictions in functionality that result from these conditions and from the medications necessary to combat these conditions, which impact her ability to focus and concentrate, and cause her the following additional symptoms:

Severe Chronic Exhaustion, Severe Chronic Fatigue, Pain, joint/bone pain, muscle pain, kidney pain and neuropathy, decreased mental clarity, forgetfulness, inability to maintain attention, and confusion.

25. Plaintiff cooperated with Defendant CIGNA, provided proper proof of loss, and otherwise complied with the policy terms and conditions regarding her claim.

26. Despite Plaintiff's continued total disability, Defendant has denied payment of any benefits to Plaintiff and continues to refuse to pay benefits pursuant to the policy, although payment thereof has been duly demanded.

27. Said refusal to pay benefits on the part of Defendant CIGNA is a willful and wrongful breach of the policy terms and conditions.

28. Monthly benefits to Plaintiff are continuing to be due and payable by Defendant CIGNA with the passage of each month.

29. Defendant CIGNA is a conflicted decision maker because it has a financial interest in the outcome of Plaintiff's claim and is exposed to substantial future liability to Plaintiff should it accept liability for this claim.

5

30. Defendant CIGNA's structural conflict of interest pervaded its handling of Plaintiff's claim, resulting in a number of procedural irregularities in its claim handling, including but not limited to, the failure to perform any medical examination of Plaintiff, the selective review of medical records, the distortion of medical findings, the failure to fairly, accurately and appropriately understand and consider the essential duties of Plaintiff's occupation, the biased characterization of the physical demand level of Plaintiff's job, the failure to consider Plaintiff's actual occupation as opposed to some other occupation, and the failure to consider the significant mental, emotional, concentration and stamina requirements and duties of her occupation.

31. Defendant CIGNA's claim handling resulted in numerous violations of 29 CFR § 2560.503-1.

32. Defendant CIGNA's claim handling failed to provide Plaintiff with a full and fair review of his claim.

33. Defendant CIGNA's claim handling demonstrates a bias against Plaintiff's claim due to its impact on Defendant CIGNA's financial situation and prevented Plaintiff from receiving a full and fair review of her claim.

34. Plaintiff continues to be totally disabled, and monthly benefits are due and owing to her with the passage of each month. Upon information and belief, arrears are now due and owing to her, plus prejudgment interest.

**WHEREFORE**, Plaintiff Bernadette McNamara prays that she may have a declaratory judgment herein declaring the rights and other legal relations of the parties hereto regarding the matters set forth in this Complaint specifying the following:

a) Plaintiff is disabled pursuant to the language and within the meaning of the policy of insurance issued by Defendant in that she is unable to perform the essential duties of her occupation;

6

b) Defendant is obligated to pay continuing benefits to Plaintiff pursuant to the policy and is obligated to pay all benefits in arrears due and owing since the denial of benefits, plus prejudgment interest;

c) Defendant's obligation to pay benefits to Plaintiff shall continue as long as she remains totally disabled, subject to the applicable benefit period in the policy;

d) Pursuant to ERISA §502 et. seq., Plaintiff shall be entitled to recoup her attorney's fees, as well as all other costs and disbursements of this action;

e) Plaintiff may return to this Court, upon motion, to seek further declaratory relief in the event that it becomes necessary.

Dated:   Garden City, New York
         February 12, 2007

By: _____
Jason A. Newfield (JN-5529)
Justin C. Frankel (JF-5983)
FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue - Suite 301
Garden City, New York 11530
(516) 222-1600
Attorneys for Plaintiff

X:\Shared\McNamara\Complaint.wpd

7